(44 Misc. Rep. 575.)

### BOWNE v. SMITH.

(Supreme Court, Special Term, New York County.   August, 1904.)

1. CORPORATION—ACTION BY STOCKHOLDER—ACCOUNTING BY DIRECTOR.

A stockholder cannot maintain an action on behalf of himself and other stockholders to compel an accounting by a director of a corporation as to dealings with the assets of the corporation, unless he alleges a demand and a refusal by the directors to bring such action, or that it would be unavailing because a majority of the directors are themselves guilty of such misconduct and fraud that a demand would be of no value.

2. SAME.

In an action by a stockholder to compel an accounting by a director it is insufficient to allege that the defendant is in control of the company, though the board of directors was elected by his controlling vote.

Action by Curtis H. Bowne against Charles E. W. Smith for an accounting.   Judgment for defendant.

Hardy & Shellabarger, for plaintiff.
H. D. Luce (John J. Adams, of counsel), for defendant.

BLANCHARD, J.   The plaintiff is a stockholder in the United Gold & Platinum Mines Company, and brings this action on behalf of himself and the other stockholders to secure from the defendant an accounting with respect to all his dealings in relation to the stock funds, properties, and assets of said corporation.   In my opinion in the case of United Gold & Platinum Mines.Company v. Smith, 44 Misc. Rep. 567, 90 N. Y. Supp. 199, I have discussed generally the facts and the law in relation to the defendant's conduct as an officer and director of the company and as trustee for the stockholders, and the disposal of the issues in that case likewise disposes of the issues here, so far as the plaintiff is entitled to relief as a stockholder.   There is no evidence in this case to sustain the plaintiff's

¶ 1. See Corporations, vol. 12, Cent. Dig. §§ 792, 816–818, 1429½, 1434.

alleged cause of action for an accounting. The defendant has not disposed of any of the stock which he holds as trustee for the stockholders, and there is, therefore, no need of any accounting with respect to it. Nor has the plaintiff alleged and proved a demand upon and refusal by the directors of the company to bring this action in his behalf, nor that the majority of the directors are themselves guilty of such fraud or misconduct as would make such a demand unavailing. Polhemus v. Polhemus, 43 Misc. Rep. 141, 88 N. Y. Supp. 273. The company has itself an interest in the stock, funds, properties, and assets of the company, which is paramount to that of the plaintiff. It is a mere evasion to allege that the defendant is in control of the company. It does not follow that he controls the conduct of the board of directors, even though it was elected through his controlling vote. Judgment for defendant dismissing the complaint, with costs.

Judgment for defendant dismissing complaint, with costs.